JUDGE BULLITT
delivered the opinion oe the court:
The appellee, as assignee of Jennings, sued the appellants upon a note. T. M. True filed an answer, alleging that he had made certain payments to Jennings, before notice of the assignment, and also that a certain amount of usurious interest was embraced in the note, and concluded the answer thus : “ He pleads and relies on the foregoing payments as set-off herein, and said usury as a counter-claim, wherefore he prays judgment, &c.” The appellee replied, denying any knowledge of the facts alleged by appellants, or information sufficient to form a belief concerning them ; and praying that Jennings might be made a party to the suit, and for judgment against him for the amount, if any, which might be credited to the appellants on account of the alleged usury. But Jennings was not brought before the court.
The law and facts were submitted to the court, and judgment rendered against appellants for the amount of the demand, from which they appealed.
The record contains no bill of exceptions. The only grounds relied on for a reversal are : 1. That Jennings was a necessary party to the suit, 2. That the reply was insufficient.
Under the statute, the payor of a note, when sued by an assignee, has not merely an equitable, but a legal right, to avail himself, as matter of defense, of any usury embraced in the note, or of any payments made to the payee before notice of the assignment. It is clear, therefore, that Jennings was not a necessary party to the controversy between the appellants and appellee.
The alleged payments to Jennings, and the alleged usury, constituted matter of defense and not of set-off or counterclaim against the appellee. It has been repeatedly decided by this court that, if an answer states facts, constituting a set- *59 off or counter-claim, it must be regarded as a counter-claim or set-off, though not so denominated in the answer. On the other hand, if the answer presents merely matter of defense, our opinion is that it cannot be treated as a set-off or counterclaim, though it may be so called^by the defendant. As the answer of T. M. True presented only matters of defense, no reply was necessary.
Thé judgment is affirmed.