## CHARLES C. COBB *versus* CITY OF PORTLAND.

A city is not liable for a personal injury sustained by one while aiding, at their request made in accordance with a city ordinance,* its police officers, in arresting violent disturbers of the public peace.

ON EXCEPTIONS.

An action for a personal injury received from certain malefactors, while aiding the police officers of the city in arresting them. The officers being unable to arrest the offenders, requested the plaintiff, by virtue of a city ordinance, to aid them. While complying with such request, the plaintiff received a severe injury in his side, by a kick from one of the party sought to be arrested.

The defendants demurred to the declaration, and the pre-

---

* "If any person shall neglect or refuse to aid and assist the police, or any member thereof, when called upon so to do, he shall forfeit and pay not less than five nor more than twenty dollars." *Revised Ordinance of Portand,* 1856, p. 185, § 11.

siding Judge sustained the demurrer; whereupon the plaintiff alleged exceptions.

*F. O. J. Smith and B. D. Verrill*, for the plaintiff, cited Story on Agency, c. 13, § 339; 2 Kent's Com., 775.; Story on Bail., § 201.

*Davis & Drummond*, for the defendants.

DICKERSON, J. — This is a case of novel impression, and involves an important principle. A police officer of the city of Portland, by authority of a city ordinance, the validity of which is not controverted, called upon the plaintiff to aid him in arresting certain turbulent persons who were disturbing the public peace. The plaintiff obeyed the summons, and was severely injured by one of them, while in the performance of that service. The question to be determined is, whether the plaintiff has a remedy against the city of Portland for such injury.

As the statute does not expressly provide a remedy against the city in such case, such liability, if any there be, must be founded in tort or contract.

It is not claimed that the city committed any tort in passing the ordinance, or the policeman in applying it. Nor was there an express contract of indemnity. Was there an implied one?

Assuming that, by consenting to perform the service, as requested, (for it was optional with him whether to do so, or subject himself to a small fine,) the plaintiff became the agent or servant of the defendant, would the defendant be liable for the injury complained of? While it is true, as argued by the counsel for the plaintiff, that an agent or servant in certain cases is entitled to full compensation for any pecuniary losses he may sustain in the course of his employment, without fault on his part, it is otherwise in respect to compensation for personal injuries received in such service.

The master is not responsible for any accident happening to his servant in the course of his service, unless the master

Cobb v. City of Portland.

knew that it exposed the servant to peculiar danger, and the servant did not. The general rule governing the relation between master and servant in this respect is, that the servant takes upon himself the natural and ordinary risks and perils incident to the performance of such service, and the law presumes that the contract is adjusted upon this principle. This doctrine has been carried so far as to exonerate the master from liability for an injury to one servant, received in consequence of the carelessness of another engaged in the same service, when he has used due diligence in the selection of competent and trusty servants, and furnished them with suitable means to perform the service in which they are employed. *Buzzell* v. *Laconia Manufacturing Co.*, 48 Maine, 113 ; *Priestly* v. *Fowler*, 1 M. & W., 1 ; *Braun* v. *Maxwell*, 6 Hill, 594 ; *Farwell* v. *Boston & Worcester Railroad Co.*, 4 Met., 57.

The demand for assistance advised the plaintiff of the turbulence of the disturbers of the peace, and the risk he ran in attempting to arrest them. There is no pretence that the nature or the extent of the danger was concealed from him, or that he did not comprehend them both as fully as the officer. If, therefore, the plaintiff, in consenting to render the service requested, became the agent or servant of the city of Portland, he has no legal claim upon it for indemnity, upon the principles of the authorities cited.

But the plaintiff was not the agent or servant of the city of Portland ; nor was the policeman whom he assisted. Both were acting under the authority of the State as the conservators of the public peace, the peace of the State, not the peace of the city of Portland alone. It is true they derived their authority immediately from the city of Portland, but that was done by Act of the Legislature as a matter of convenience. While engaged in the service stated, they represented the authority and dignity of the State, and not that of the city of Portland merely. The obligation devolved by statute upon the city of Portland to appoint police officers, in order to promote the general welfare and preserve

the peace of its inhabitants, or the community, confers no particular interest, benefit or advantage upon it in its corporate capacity, and creates no liability on its part for the acts of these officers. Nor does it *a fortiori* insure the safety of their persons by indemnifying them against any personal injuries they may receive from others, or from the accidents that may befall them in the discharge of their duty. If such officers have any claim for compensation for such injuries, it rests on moral grounds, and is more properly addressed to the Legislature than to a judicial tribunal. *Fox* v. *Northern Liberties*, 3 W. & S., 103 ; *Butrick* v. *Lowell*, 1 Allen, 172.

Even municipal officers proper, who are not entrusted with the preservation of the public peace, are not the agents or servants of the cities or towns by whom they are chosen, rendering their principals liable for their acts as such. The liabilities of municipal corporations are fixed by statute, and do not depend upon any so uncertain contingency as the conduct of their officers. For such liabilities alone have they authority to raise money. *Small* v. *Inhabitants of Danville*, 51 Maine, 360; *Mitchell* v. *City of Rockland*, 52 Maine, 118.

The doctrine of liability on account of "a compulsory agency without hire," ingeniously suggested by the counsel for the plaintiff, but unsupported by authority, does not relieve the plaintiff's case from these difficulties. There was no physical compulsion. If compulsion there was, it was a moral compulsion, arising from the alternative of compliance, or liability to a small pecuniary fine. But this alternative, as we have seen, was presented by authority of the State and not the defendant. There is no ground, either at common law or by statute, upon which this action can be maintained.                    *Exceptions overruled.*

*Judgment for the defendant.*

KENT, BARROWS, DANFORTH and TAPLEY, JJ., concurred.